Lynda T Bui, Trustee
3550 Vine Street, Ste. 210
Riverside, CA 92507
Telephone:   (949) 340-3400
Facsimile:    (949) 340-3000
Email: Trustee.Bui@shulmanbastian.com

Chapter 7 Trustee

FILED & ENTERED

FEB 18 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Mason    DEPUTY CLERK

**CHANGES MADE BY COURT**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>RONALD CLOER and<br>SUZANNE M. CLOER,<br><br>                    Debtor. | Case No. 6:18-bk-17211-SY<br><br>Chapter 7<br><br>**ORDER:**<br><br>**(1) AUTHORIZING THE SHORT SALE OF REAL PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS PURSUANT TO BANKRUPTCY CODE §§ 363(b) AND 363(f);**<br><br>**(2) APPROVING PAYMENT OF REAL ESTATE COMMISSION AND OTHER COSTS; AND**<br><br>**(3) GRANTING RELATED RELIEF**<br><br>[39141 Trail Creek Lane, Temecula, CA 92591]<br><br>Hearing:<br>Date:  February 11, 2021<br>Time:  9:30 a.m.<br>Place: Courtroom 302<br>           United States Bankruptcy Court<br>           3420 Twelfth Street<br>            Riverside, CA 92501 |

The "Chapter 7 Trustee's Motion for Order: (1) Authorizing the Short Sale of Real Property of the Estate Free and Clear of Liens Pursuant to Bankruptcy Code §§ 363(b)(1) and 363(f); (2) Approving Payment of Real Estate Commission and Other Costs; and (3)

Lynda T. Bui,
Chapter 7 Trustee
3550 Vine Street
Suite 210
Riverside, CA 92507

23101-000 Sale Order TC Cloer

1

Granting Related Relief" [Docket No. 89] ("Sale Motion") filed by filed by Lynda T. Bui, chapter 7 trustee ("Trustee") for the bankruptcy estate of Ronald Cloer and Suzanne M. Cloer ("Estate") came on for regular hearing on February 11, 2021, the Honorable Scott H. Yun, United States Bankruptcy Judge presiding. The Trustee appeared on her own behalf. Other parties appeared as reflected in the court's record.

In this order, the term "Property" means the real property of the debtors' Estate located at 39141 Trail Creek Lane, Temecula, CA 92591. The Property[1] is situated in the City of Temecula, County of Riverside, State of California and legally described as follows:

>
> Parcel 1:
>
> Lot 68 (the "lot") of Tract No. 29661-4, as shown on the subdivision map ("map") filed on April 28, 2004, in Book 355, at Pages 14 to 17, inclusive of maps in the office of the Riverside County Recorder.
>
> Excepting therefrom:
>
> A. All oil rights, mineral rights, natural gas rights and rights to all other hydrocarbons by whatsoever name known, to all geothermal heat and to all products derived from any of the foregoing (collectively, "subsurface resources"); and
>
> B. The perpetual right to drill, mine, explore and operate for and to produce, store and remove any of the subsurface resources on or from the lot, including the right to whipstock or directionally drill and mine from lands other than the lot, wells, tunnels and shafts into, through or across the subsurface of the lot, and to bottom such whipstocked or directionally drilled wells, tunnels and shafts within or beyond the exterior limits of the lot, and to redrill, retunnel, equip, maintain, repair, deepen and operate any such wells or mines, but without the right to drill, mine, explore, operate, produce, store or remove any of the subsurface resources through or in the surface or the upper five hundred (500) feet of the subsurface of the lot.
>
> Parcel 2:
>
> Nonexclusive easements for access, drainage, encroachment, maintenance, repair, and for other purposes, all as may be shown on the map, and as described in the master declaration of covenants, conditions and restrictions and reservation of easements for Roripaugh Ranch (a residential planned development), recorded on May 15, 2003, as Instrument No. 2003-351751, as amended as

---

[1] The legal description for the Property is believed to be accurate but may be corrected or updated by the title company in the transfer documents as necessary to complete the sale.

**Lynda T. Bui,
Chapter 7 Trustee**
3550 Vine Street
Suite 210
Riverside, CA 92507

2

23101-000 Sale Order TC Cloer

amended by that certain first amendment to master declaration of covenants, conditions, restrictions and reservation of easements for Roripaugh Ranch (collectively, the "master declaration"), recorded on December 21, 2012 as Instrument No. 2012-0625874, both in the Official Records of Riverside County, California ("official records") and the supplemental declaration of covenants, conditions and restrictions for Roripaugh Ranch, Cambridge (Phase 2) (together with any amendments thereto, collectively, the "supplemental declaration"), recorded on February 24, 2014, as Instrument No. 2014-0069334, in Official Records.

Assessor Parcel No.: 957-732-016

In this order, the term "Secured Creditor" means collectively the current servicing agent or the current holder of the first lender deed of trust on the Property as shown in the public records in the County of Riverside, State of California.

On February 9, 2021, the court entered an order [Docket No. 101] ("IRS Order") approving the Stipulation Between the United States Trustee on Behalf of the Internal Revenue Service and Chapter 7 Trustee for Conditional Approval of Trustee's Motion for Order Authorizing Sale of Real Property Fee and Clear of Certain Liens Pursuant to 11 U.S.C. § 363(f) [Docket No. 98] ("IRS Stipulation").

The court, having considered the (i) Sale Motion, (ii) declarations of Lynda T. Bui and Patrick Butler annexed to the Sale Motion, (iii) the declaration of Michael Ackley [Docket No. 90], arguments and representations of the Trustee at the hearing, and (vi) the record in this case, and having found that proper notice has been given and good cause having been shown,

**IT IS ORDERED** that:

1. The Sale Motion is granted contingent upon the Secured Creditor's express approval of the terms of a short sale of the Property and the Trustee's compliance with any conditions required by the Secured Creditor for the short sale of the Property under this order. The Trustee is authorized to (i) short sell the Property on an as-is, where-is basis, without any warranties or representations, to a buyer approved by the Secured Creditor ("Approved Buyer"), in an amount approved by Secured Creditor, and whose

**Lynda T. Bui,
Chapter 7 Trustee**
3550 Vine Street
Suite 210
Riverside, CA 92507

23101-000 Sale Order TC Cloer

3

real estate contract for the purchase and sale of the Property ("Approved Sale Contract") is approved by the Secured Creditor.

2. The sale of the Property to the Approved Buyer shall be on the terms and conditions of the (i) Approved Sale Contract, (ii) final approval of the short sale from the Secured Creditor, and (iii) this order.

3. In the event that the sale of the Property does not take place or Secured Creditor's lien is not paid in full or pursuant to a short sale approved by the Secured Creditor, Secured Creditor shall retain it lien for the full amount due under its loan secured by a lien on the Property.

4. The Trustee's sale of the Property to the Approved Buyer shall be on an as-is, where-is basis, without any warranties or representations given to the Approved Buyer, and the purchase price shall be in an amount approved by Secured Creditor.

5. All liens shown on the Preliminary Title Report attached as Exhibit 2 to the Declaration of Lynda T. Bui ("Bui Declaration") annexed to the Sale Motion shall be fully or partially satisfied or released prior to closing or paid at the time of closing as approved in writing by the Secured Creditor.

6. Through escrow on the sale of the Property, the Trustee is authorized to pay compensation for real estate services to the Trustee's real estate broker team of Pro Realty Group and BK Global Real Estate Services (collectively, "Trustee's Broker"), and the Approved Buyer's real estate broker ("Selling Broker"), in the amounts as approved by the Secured Creditor but in no event more than six percent (6%) of the gross selling price, with the commission to be split between the Trustee's Broker and the Selling Broker in amounts to be determined and approved by the Secured Creditor.

7. Through the sale to the Approved Buyer, approximately $30,000.00 shall be paid to the Trustee on behalf of the Estate ("Short Sale Proceeds"). The Property will not be sold by the Trustee unless the Estate receives the Short Sale Proceeds, which funds will be used for payment of administrative claims of the Estate and allowed claims in

**Lynda T. Bui,**
**Chapter 7 Trustee**
3550 Vine Street
Suite 210
Riverside, CA 92507

23101-000 Sale Order TC Cloer

4

accordance with the Bankruptcy Code. From the Short Sale Proceeds, not less than 40% shall be used to pay non-administrative creditors in this case.

8. Upon close of escrow, the liens of the Secured Creditor and Western Riverside Council of Governments California HERO Program will each be released and all their respective claims against the Property and the Estate with respect to the Property (including any deficiency claims resulting from the Trustee's sale of the Property, if any), will be waived.

9. Pursuant to Bankruptcy Code Sections 363(f)(1) and 363(f)(5), the Property will be sold free and clear of any unresolved junior liens (the liens that are junior to that of the Secured Creditor) and the junior liens will not attach to the Short Sale Proceeds, including the junior lien of the State of California Franchise Tax Board recorded on July 10, 2019 as Instrument Number 2019-0252637 and, pursuant to the IRS Order, the junior liens of the Internal Revenue Service recorded on December 15, 2017 as Instrument Number 2017-0526785, December 15, 2017 as Instrument Number 2017-0526786, March 29, 2018 as Instrument Number 2018-0118609, and May 3, 2018 as Instrument Number 2018-0172757.

10. The Trustee is authorized to execute any and all documents to effectuate the short sale as set forth in the Approved Contract and the Approval Letter (collectively the "Sale Documents") and this order.

11. Upon close of escrow on the short sale of the Property, in compliance with Local Bankruptcy Rule 6004-1(g), the Trustee shall file a report of sale detailing the terms of sale.

12. The Trustee is authorized and empowered to (i) perform under, consummate, and implement the short sale of the Property as approved by the Secured Creditor, (ii) execute all additional instruments and documents that may be reasonably necessary, desirable or required by the Secured Creditor to implement the terms of the Sale Documents and this order, (iii) take all further actions as may be necessary or appropriate for the purposes of assigning, transferring, granting, conveying, encumbering

**Lynda T. Bui,**
**Chapter 7 Trustee**
3550 Vine Street
Suite 210
Riverside, CA 92507

5

23101-000 Sale Order TC Cloer

or transferring the Property as contemplated by the Sale Documents and this order, and (iv) take such other and further steps as are contemplated by or reasonably required to fulfill the Trustee's obligations under the Sale Documents and this order, all without further order of the court. The Trustee is authorized to execute all documents in connection with the sale transaction approved by this order.

13. The Approved Buyer is a good faith purchaser under Bankruptcy Code Section 363(m) and, as such, is entitled to all of the protections afforded thereby.

14. This court retains jurisdiction to (i) enforce and implement the terms and provisions of the Sale Documents and this order, all amendments thereto, any waivers and consents thereunder, and any other supplemental documents or agreements executed in connection therewith; (ii) compel delivery and payment of the consideration provided for under the Sale Documents and this order; (iii) resolve any disputes, controversies or claims arising out of or relating to the Sale Documents and this order; and (iv) interpret, implement, and enforce the provisions of the Sale Documents and this order.

15. Pursuant to 11 U.S.C. § 363(m), absent a stay of this order pending appeal, the reversal or modification on appeal of this order, or any provision thereof, shall not affect the validity of the sale transaction approved hereby that is consummated prior to the stay, reversal, or modification on appeal.

16. The validity of the sale approved under this order shall not be affected by the appointment of a successor trustee, the dismissal of the above-captioned case, or its conversion to another chapter under title 11 of the United States Code.

17. The Trustee has engaged in fair and reasonable marketing, advertising, and other sale efforts and procedures in connection with the sale of the Property, which efforts and procedures have enabled the Estate to obtain a fair and reasonable price for the Property under the circumstances of this case. In connection with the proposed sale, the Trustee has complied with all sale procedures established or required by this court. Neither the Trustee nor the Approved Buyer have engaged in any conduct that would

**Lynda T. Bui,**
**Chapter 7 Trustee**
3550 Vine Street
Suite 210
Riverside, CA 92507

23101-000 Sale Order TC Cloer

6

cause or permit the Sale Documents, or the transactions contemplated thereby, to be invalidated or avoided under 11 U.S.C. § 363(n).

18. The Notice of the Sale Motion was properly served on all necessary parties and complied in all respects with the requirements of the Bankruptcy Code and the Bankruptcy Rules, fully and adequately described the relief requested in the Sale Motion and set forth the means by which the Sale Motion, and all supporting declarations and pleadings filed by the Trustee in connection with the Sale Motion, could be obtained promptly by a party in interest; provided fair and reasonable notice under the circumstances of this case with respect to the deadlines and procedures for objecting to the relief requested in the Sale Motion, and set forth the time, date and place for the hearing on the Sale Motion.

19. In recognition of the need to effectuate a closing of the sale as quickly as possible and that Secured Creditor's approval of the short sale will expire, the stay provided under Federal Rule of Bankruptcy Procedure 6004(h) is waived with regard to the sale of the Property and such sale may take place immediately upon entry of this order, unless a party in interest obtains a stay pending appeal prior to the closing.

###

Date: February 18, 2021

Scott H. Yun
United States Bankruptcy Judge

**Lynda T. Bui,**
**Chapter 7 Trustee**
3550 Vine Street
Suite 210
Riverside, CA 92507

23101-000 Sale Order TC Cloer

7